

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-4-2009

# Raul Fares-Penafiel v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4529

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Raul Fares-Penafiel v. Atty Gen USA" (2009). *2009 Decisions*. Paper 150.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/150

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-4529

RAUL GERMAN FARES-PENAFIEL,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-223-741)
Immigration Judge: Honorable Henry S. Dogin

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 27, 2009

Before: AMBRO, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed: December 4, 2009 )

OPINION

PER CURIAM

Raul German Fares-Penafiel petitions for review of a decision by the Board of

Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's decision

denying his motion to reopen his immigration proceedings. For the following reasons, we will deny the petition for review.

I.

Fares-Penafiel is a native and citizen of Ecuador who entered the United States without inspection in 1994. In 2005, the former Immigration and Naturalization Service ("INS") issued a notice to appear charging Fares-Penafiel as removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Fares-Penafiel conceded that he was removable as charged but applied for cancellation of removal based on the "exceptional and extremely unusual hardship" that his United States citizen wife would suffer if he was removed. See 8 U.S.C. § 1229b(b)(1). Fares-Penafiel asserted that in 2001 his wife was injured in a serious accident, and although she has seven grown children, she is completely dependant on him for support.

The Immigration Judge ("IJ") denied Fares-Penafiel's application for cancellation of removal. In addition to questioning the validity of Fares-Penafiel's marriage, the IJ determined that Fares-Penafiel had not established that his wife would suffer the requisite hardship upon his removal. Fares-Penafiel thereafter filed a timely motion to reopen, claiming that his wife's condition had seriously deteriorated. The IJ denied the motion, stating that he was unconvinced that the materials Fares-Penafiel submitted established that his wife's condition had worsened or that her "depression, nervousness, or insomnia" were "beyond the ordinary hardship that would be expected when a close family member

2

leaves this country." The IJ also noted that Fares-Penafiel's motion did not address the concern regarding the validity of the marriage.

Fares-Penafiel appealed the IJ's decision to the BIA. The BIA, citing to 8 C.F.R. § 1003.1(d)(3), dismissed the appeal in a one-paragraph decision, stating that it was "not persuaded that the findings of fact in the Immigration Judge's decision . . . were 'clearly erroneous' or that the decision was otherwise in error."

Through counsel, Fares-Penafiel now seeks review of the BIA's final order of removal.

## II.

We exercise jurisdiction over a petition for review pursuant to 8 U.S.C. § 1252(a)(1), and review the denial of a motion to reopen for an abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005)). Fares-Penafiel's sole argument is that the BIA improperly streamlined his appeal, see 8 C.F.R. § 1003.1(e)(4), thereby denying him meaningful review of his claim.[1] He asserts that this Court has jurisdiction to review the decision to streamline, and that to do so properly we must review the underlying discretionary decision of the IJ, over which we would not normally have jurisdiction. See 8 U.S.C. § 1252(a)(2)(B) (stating that federal courts do not have

_____

[1] Under 8 C.F.R. § 1003.1(e)(4), one member of the BIA may summarily affirm without opinion certain decisions of the IJ. If this procedure is used, the regulations require the BIA to issue an order that reads as follows: "The Board affirms, without opinion, the result of the decision below. The decision below is, therefore, the final agency determination." 8 C.F.R. § 1003.1(e)(4)(ii).

jurisdiction to review denials of discretionary relief). However, as the government asserts, the BIA's decision, while brief, was not an affirmance without opinion issued under the streamlining regulation. Fares-Penafiel's claim is thus meritless.

To the extent that Fares-Penafiel's petition can be read to argue that the BIA's decision was so lacking in detail as to violate his right to due process, he has not demonstrated that "the BIA did not review the record when it considered the appeal." See Abdulai v. Ashcroft, 239 F.3d 542, 550 (3d Cir. 2001) (internal citation omitted). Further, the BIA's decision is sufficient to demonstrate that it made an individualized determination of Fares-Penafiel's claim, which is all that it is required to do. See Kamara v. Att'y Gen., 420 F.3d 202, 211-12 (3d Cir. 2005).

For the foregoing reasons we deny Fares-Penafiel's petition for review.